**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| CAYLA NESBIT,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA SKIN AND CANCER CLINIC, P.C.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV426-207 |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Cayla Nesbitt has filed a Complaint which asserts that her former employer discriminated against her based on her race, retaliated against her, and maintained a hostile work environment. *See generally* doc. 1. She also moves to proceed *in forma pauperis*. Doc. 2. Because her application shows that she is not indigent, her application should be **DENIED**. Doc. 2.

Nesbitt's application to proceed *in forma pauperis* discloses that she is employed and that her take-home pay is $230.00 per week. Doc. 2 at 1. She discloses that she has $400.00 in cash or in a checking or savings account. *Id.* at 2. She also discloses that she has $330.00 in monthly expenses. *Id.* Based on her disclosed weekly income, it appears that

Nesbitt's monthly income is $920.00. Given her disclosed expenses of $330, she has approximately $590 in discretionary monthly income. That amount of discretionary income, coupled with her disclosed available funds, precludes any determination that she may proceed *in forma pauperis*.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic*

*Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Since Nesbitt's disclosed finances show that she is not indigent, her application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.

---

[1] If Plaintiff believes the Court has misconstrued her financial situation, her opportunity to object to this Report and Recommendation, discussed below, provides her an opportunity to clarify it. She is reminded that any submission regarding her finances must be truthful. To the extent that Nesbitt wishes to clarify her financial condition, she is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send Nesbitt a blank copy of Form AO 239 with this Report and Recommendation for her convenience. To the extent that she wishes to amend any of her prior disclosures, she must also explain why she did not fully or accurately disclose the information on her prior application.

Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of August, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA